**BROEGE NEUMANN FISCHER & SHAVER, L.L.C.**
**25 Abe Voorhees Drive**
**Manasquan, New Jersey 08736**
**(732) 223-8484**
**Attorneys for Shahira Raineri**
**Peter J. Broege, Esq.**
**PB 9313**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re: | : | |
| Kathleen M. Larkin, | : | Chapter 7 Case No. 12-14635(KCF) |
| Debtor | : | |
| Shahira Raineri, | : | |
| Plaintiff | : | Adv. Pro. No. 12-1809(KCF) (Adversary Proceedings consolidated pursuant to order entered January 28, 2013) |
| v | : | |
| Kathleen M. Larkin, | : | |
| Defendant | : | |
| Barry W. Frost, Trustee | : | |
| Plaintiff | : | Adv. Pro. No. 12-2033(KCF) (Adversary Proceedings consolidated pursuant to order entered January 28, 2013) |
| v | : | |
| Kathleen M. Larkin, | : | |
| Defendant | : | Judge: Honorable Kathryn C. Ferguson **Return Date: March 4, 2013** |

CERTIFICATION OF PETER J. BROEGE IN SUPPORT OF MOTION FOR SANCTIONS
FOR FAILURE OF THE DEBTOR/DEFENDANT TO PROVIDE DISCOVERY

Peter J. Broege hereby certifies to the Court and says:

1. I am a member of the law firm of Broege Neumann Fischer & Shaver, L.L.C. the attorneys for Shahira Raineri in connection with the within captioned bankruptcy case and related adversary proceeding.

2. Shahira Raineri is a creditor of the Debtor as well as the Debtor's civil union partner.

3. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on February 25, 2012.

4. On or about May 4, 2012, I corresponded with the Debtor and the Debtor's attorney serving them with a subpoena pursuant to Bankruptcy Rule 2004 (attached hereto as Exhibit A). The subpoena required documents to be produced on or before May 31, 2012 and scheduled a deposition for the Debtor for Thursday, June 7, 2012 commencing at 10:00 a.m. The Debtor did not produce any documents nor did the Debtor appear for a deposition pursuant to the subpoena.

5. Thereafter, on June 4, 2012 I corresponded again with Justin M. Pinck, Esq., the Debtor's attorney seeking a response to the subpoena pursuant to Bankruptcy Rule 2004 as well as to obtain a consent order extending the time for Shahira Raineri to file an adversary proceeding (attached hereto as Exhibit B).

6. Counsel for the Debtor/Defendant did execute the consent order extending time for Shahira Raineri to file an adversary proceeding complaint and returned it to me on or about June 7, 2012 (attached hereto as Exhibit C).

7. After the order extending the time to file an adversary proceeding was entered on June 8, 2012 (attached hereto as Exhibit D), on June 12, 2012 I again wrote to the Debtor's

attorney as well as the Debtor again serving the subpoena and requesting a response (attached hereto as Exhibit E).

8. On July 10, 2012 I wrote to the Debtor's attorney indicating I had not received a response to the Rule 2004 subpoena and requesting the documents and the scheduling of the Debtor's deposition (attached hereto as Exhibit F).

9. On or about July 25, 2012, the Bankruptcy Court entered an order modifying the automatic stay to allow domestic partnership dissolution action to continue to final judgment (attached hereto as Exhibit G).

10. On August 9, 2012 I filed a complaint on behalf of Shahira Raineri against Kathleen M. Larkin seeking an objection to her discharge pursuant to 11 U.S.C. § 727 and for a declaratory judgment with respect to the non-dischargeability of certain obligations pursuant to 11 U.S.C. § 523(a)(5) and (15) (attached hereto as Exhibit H).

11. Summons and complaint in the adversary proceeding were served on the Debtor and the Debtor's attorney by letter dated August 10, 2012 (attached hereto as Exhibit I).

12. After service of the summons and complaint, no answer was filed and I filed an application for entry of default against the Debtor/Defendant on September 14, 2012 (attached hereto as Exhibit J).

13. The Debtor's attorney responded and objected to the application for default and the Bankruptcy Court entered an order dated September 25, 2012 authorizing the Debtor/Defendant to file an answer on or before October 9, 2012 (attached hereto as Exhibit K).

14. March 1, 2013 is the last day for discovery which was embodied in a scheduling order entered by the Bankruptcy Court on December 4, 2012 (attached hereto as Exhibit L).

15. On or about October 9, 2012, the Debtor/Defendant filed an answer to the adversary proceeding complaint (attached hereto as Exhibit M).

16. On December 7, 2012, I again wrote to the Debtor's attorney requesting that he respond to the discovery demands (attached hereto as Exhibit N).

17. The Court should understand that as of this date, I still never received any response to the Rule 2004 subpoena which I incorporated into adversary proceeding discovery based on my prior correspondence to the Debtor's attorney.

18. On or about January 7, 2013, I forwarded a letter to the Debtor's attorney by e-mail requesting that the Debtor respond to the document request that I sent on May 4, 2012 and indicating that I would file an appropriate enforcement motion if I did not receive any response within fifteen (15) days (attached hereto as Exhibit O).

19. I have never received any response to any discovery demand from the Debtor or her attorney and the Debtor has never appeared for a deposition.

I make this certification under penalty of perjury being fully aware that if any of the aforegoing statements made by me are willfully false, that I am subject to punishment and in support of the motion for sanctions.

Dated: 1-29-13

Peter J. Broege, Esq.